Head *et al. vs.* Aycock, administrator, *et al.*

This bill was brought by the heirs at law of Allen Dykes against the administrator of B. B. Dykes and Westbrook and others, creditors of B. B. Dyke, to restrain the said administrator from selling a certain tract of land, which complainants allege that B. B. Dykes bought from Allen Dykes in 1857, and has not paid therefor. The asserted equity of the bill is, that the land is subject to the vendor's lien; and that the administrator cannot sell it to pay Westbrook and other creditors of B. B. Dykes, because those creditors are postponed to Allen Dykes, the vendor, by virtue of his vendor's lien, which was in force in 1857; and if the administrator should sell it the complainants could not bid, being poor, the land would bring nothing scarcely, and they, as heirs of the vendor and entitled to the lien, would virtually lose it.

Passing by the fact that the administrator, if he sold, would apply the proceeds according to priority of lien of creditors, and that the poverty of complainants is their misfortune but would hardly give them any equity; and the further fact that the demand is stale and the statute of limitations of 1869 would seem to be in the way;—on the case presented, the creditors of B. B. Dykes, who are not charged with notice of the vendor's lien in the complainants' bill, nor is the allegation made in the bill that they were creditors prior to the sale

of the lands from Allen Dykes to B. B. Dykes, have the superior right to be paid out of the lands over the vendor's lien; and consequently the administrator should not be restrained from selling to pay them. Mounce *vs.* Byars *et al.*, 11 *Ga.*, 180; Chance *vs.* McWhorter *et al.*, 26 *Ga.*, 315, 322.

JACKSON, Justice.